# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CRAIG A. THOMPSON,

            Petitioner,    :    Case No. 3:18-cv-117

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Warren Correctional Institution

            :

            Respondent.

## DECISION AND ORDER DENYING MOTION FOR DISCOVERY

This habeas corpus case is before the Court on Petitioner's Motion for Additional Discovery (ECF No. 25). Respondent has opposed the Motion (ECF No. 26). A motion for discovery in a habeas corpus case is a non-dispositive pretrial motion which assigned Magistrate Judge's are authorized to decide in the first instance.

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).

Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir.

2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits. In order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Logically, there is no good reason to gather evidence which one will not be permitted to present because one cannot satisfy the *Keeney* standard. Therefore, if there are items of evidence sought in discovery which could have been obtained and presented during the state court process but were not, a petitioner should make the required *Keeney* showing before being authorized to conduct discovery to obtain the evidence. In *Johnson v. Bobby*, 2018 U.S. Dist. LEXIS 44709 (S.D. Ohio Mar. 19, 2018). Chief Judge Sargus applied this same reasoning to deny discovery where the results could not have been presented in federal court because of *Cullen v. Pinholster,* 563 U.S. 170 (2011).

Petitioner seeks to obtain a document which apparently was labeled at trial as Defense Exhibit B which he asserts is co-defendant Burns' work schedule for the week of the burglary. According to Thompson, it shows that witness Kaitlyn Kerg was lying when she claimed to have been in Burns' hotel room on the day prior to the burglary because the schedule shows Burns would have been at work at that time. Thompson asserts that his failure to introduce this document in evidence proves his trial attorney provided ineffective assistance of trial counsel.

The document cannot prove what Thompson asserts it proves. At most it would show that

Burns was **supposed** to be at work when Kerg testified he was instead in his hotel room. Furthermore documents by themselves do not testify; by itself the document would be hearsay.

Thompson referred to this "Defense Exhibit B" in his Petition for Post-Conviction Relief (State Court Record ECF No. 11-1, PageID 791), but did not attach it to the Petition (See list of exhibits at PageID 788). Thompson offers no explanation of why the exhibit was not offered there, but its omission at least shows the document was not before the state courts when they decided Thompson's case. Under *Pinholster, supra*, this Court can neither hold an evidentiary hearing nor expand the record to include evidence not before the state courts when they decided the case unless Thompson first shows the state court decision was an "based on an unreasonable determination of the facts based on the evidence presented in the state court proceeding."

As noted in Respondent's Memorandum in Opposition, the document was used to cross-examine Burns. Since it did not involve any statement by witness Kerg, it would have been at best of minimal use in cross-examining her.

Accordingly, the Motion for Discovery is DENIED.

November 5, 2018.

s/ *Michael R. Merz*<br>
United States Magistrate Judge