# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CRAIG A. THOMPSON,

        Petitioner,      :      Case No. 3:18-cv-117

  - vs -                        District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Warren Correctional Institution

                                  :

        Respondent.

## DECISION AND ORDER ON MOTION TO RECONSIDER

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Reconsideration (ECF No. 30) of the Court's Decision and Order of October 31, 2018 (ECF No. 24) which granted in part and denied in part Petitioner's prior Motion for Reconsideration (ECF No. 18).

In the October 31st Decision, the Magistrate Judge again denied Petitioner's request to expand the record to add the bindover papers from the Vandalia Municipal Court (ECF No. 24, PageID 2258). Petitioner now agrees with that decision (ECF No. 30, PageID 2281).

However, the October 31st Decision denied expansion of the record to add (1) the Police Report of Detective Saunders written on February 19, 2013, and (2) the Police report of Deputy Baranyi written on February 4, 2013 (Exhibits B and C to ECF No. 19). The Court found that these documents had not been introduced in evidence in the state court and would not ordinarily have been admissible under Ohio law (ECF No. 24).

1

In seeking reconsideration, Thompson asks the Court to consider both his Reply to Respondent's Opposition to Motion to Expand the Record (ECF No. 28) as well as the new Motion to Reconsider (ECF No. 30). The Magistrate Judge has considered both of these filings.

In originally seeking to add this documentation to the record, Thompson asserted it "is crucial as its supports more than one of the claims presented in Thompson's petition. . . [t]hese documents show the clear violations of Thompson's rights as well as the police misconduct used to obtain a favorable ruling in the Motion to Suppress." (ECF No. 19, PageID 2231).

In Ground Three of the Petition, Thompson asserts he received ineffective assistance of trial counsel when his trial attorney failed to call Thompson "or other witnesses," including Thompson's wife, at the motion to suppress hearing (ECF No. 1, PageID 8-9). Nothing in the Petition claims that trial counsel was ineffective for failing to use these two police reports to cross-examine the two law enforcement officers or for failure to attempt to introduce these documents into evidence.

Thompson's Motion to Reconsider largely consists of arguments about why these two police reports would be admissible under Ohio evidence law as non-hearsay or under an exception to the hearsay rule (ECF No. 30, PageID 2282-86.) Whether or not that is correct under Ohio law, the question persists as to what grounds for relief in the Petition these documents support. Thompson has not shown how they support any of the pleaded grounds for relief or what if any efforts were made to get them into the state court record. Absent those showings, they cannot be added to the record on which this Court decides the case. *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992); *Cullen v. Pinholster*, 563 U.S. 170 (2011)

Having reconsidered the question, the Court again denies Petitioner's motion to expand the record by adding Exhibits B and C.

November 9, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge