# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

CRAIG A. THOMPSON,

                Petitioner,              :    Case No. 3:18-cv-117

    - vs -                             District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Warren Correctional Institution
                                  :
                Respondent.

---

# SUPPLEMENTAL DECISION AND ORDER ON MOTION FOR DISCOVERY; CASE STAYED PENDING EXHAUSTION

---

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Reply in support of his Motion for Discovery (ECF No. 31). Because the Magistrate Judge has already filed a Decision and Order on the Motion for Discovery (ECF No. 29), the Court will *sua sponte* reconsider that Decision in light of the Reply.

Petitioner seeks discovery of a document labeled "Defense Exhibit B" at trial, consisting of the work schedule[1] of co-defendant Bradley Burns "for the week leading up to the alleged burglary." (ECF No. 25, PageID 2261). Burns's girlfriend, Kaitlyn Kerg, testified at trial that she was in Burns's hotel room while he and Petitioner were planning the burglary. Petitioner asserts "the work schedule shows that Burns was unable to have been present at this so-called planning since Burns himself would have been at work." *Id.* Thompson continues:

---

[1] It is unclear from the descriptions of this document in the motion papers whether it is a schedule for the times Bruns was supposed to work or a record of the times he actually worked.

This exhibit is critical as it relates to Thompson's claim supporting ineffective assistance of counsel, who failed to use the document as evidence to impeach the state's witness and show that the events in which she testified to were not possible.

The denial of this document being provided to Thompson would prevent a showing his Sixth Amendment right to effective counsel were violated and would interfere with him demonstrating that he is being held unconstitutionally.

*Id.* at PageID 2261-62.

Respondent's counsel opposed the Motion on several grounds. First of all, he noted that, although the exhibit had apparently been used in cross-examining Burns, it was not used to cross-examine Kerg and was never offered into evidence (Memo. Opp. ECF No. 26, PageID 2264). Second, the document would have been no more useful in impeaching Kerg than the timing of the text messages which were used. *Id.* Kerg was sufficiently unclear on the details of the meeting that her credibility on the specific time and date were already undermined. *Id.* In any event, she could not have identified the document. *Id.*.

In denying the Motion for Additional Discovery, the Magistrate Judge concluded admission of the exhibit was precluded by *Cullen v. Pinholster*, 563 U.S. 170 (2011), and would in any event have been of little use in cross-examining Kerg (Decision and Order, ECF No. 29, PageID 2278).

Petitioner corrects Respondent's representation about whether Defense Exhibit B was admitted into evidence, citing the place in the record where the document was admitted in evidence upon stipulation by the State that it was a work record of Burns, kept in the normal and ordinary course of business of Tim Horton, Burns's employer. (Trial Transcript, State Court Record, ECF

No. 11-6, PageID 2058-59).[2]  Therefore, upon reconsideration, the Court finds it is not precluded

from considering Burns's work schedule by *Pinholster*.

Petitioner's theory is that the exhibit is material because his trial attorney could have used

it in cross-examining Kerg and did not do so (ECF No. 31, PageID 2289-90).  He denies the timing

of the text messages was better impeachment because they occurred on the night of the burglary,

not at the time of the alleged planning session. *Id.* As opposed to Respondent's claim that Kerg

was "a relatively inconsequential witness," Thompson notes she was the only person who had not

testified at his first trial, which resulted in a hung jury, who then did testify at the second trial,

which resulted in a conviction.  *Id.* at PageID 2290. Finally, Thompson asserts the Respondent's

claim that this ineffective assistance of trial counsel ground for relief is procedurally defaulted

because it was only raised in an untimely petition for post-conviction relief is "ridiculous" because

the petition was timely.  *Id.* at 2291.

The claim of ineffective assistance of trial counsel at issue is part of Ground Eight.  As

pleaded in the Petition, it reads:

> The investigation also uncovered employment records for Burns.
> State witness Kaitlyn Kerg contends that she was present for the
> planning of the burglary the night before the crime occurred. She
> claims to have been using several drugs including marijuana and
> xanax, as well as drinking alcohol during the planning and claims
> that Thompson took her back home before her curfew at 9:30 P.M.
> However, the employment records show that Burns was at work
> from 2 p.m. until 10 p.m. the night prior to the burglary thus Kerg
> could not have been present at a planning where Burns himself could
> not have been. Counsel did not impeach Kerg with the evidence and
> thus the jury was free to believe that the witness was present at the
> planning of the crime that occurred despite counsel's knowledge that
> the testimony was false.

---

[2] Thompson twice characterizes Respondent's statement that the document was not admitted in evidence as "fraudulent."  (ECF No. 31, PageID 2288-89.)  Respondent's representation was mistaken, but there is a long distance between mistake and fraud.

(ECF No. 1, PageID 17).

This claim was presented to the Common Pleas Court of Montgomery County, Ohio, in a petition for post-conviction relief filed by Thompson February 16, 2017. *State v. Thompson,* Case No. 2013 CR 377/2. Judge Barbara Gorman of that Court granted the State summary judgment on the Petition on January 31, 2018 (State Court Record, ECF No. 11-1, Ex. 57, PageID 821 et seq.) Judge Gorman's decision speaks to the merits of Thompson's ineffective assistance of trial counsel claims and does not base dismissal on an untimely filing. Thus it does not appear to this Court that this particular ineffective assistance of trial counsel claim is barred by failing to include it in a properly-filed petition for post-conviction relief.

It appears to the Magistrate Judge that this particular claim of ineffective assistance of trial counsel may be barred by *res judicata* because it was not presented on direct appeal (See Appellant's Brief, State Court Record ECF No. 11, PageID 452-53.) Because, as Petitioner has shown (ECF No. 31), Defense Exhibit B was admitted into evidence and Attorney Staton's failure to cross-examine Ms. Kerg with it was evident on the face of the record, it may be that the Second District Court of Appeals will find the claim barred by *res judicata* under *State v. Perry*, 10 Ohio St. 2d 175 (1967), even though Judge Gorman did not decide on that basis.

The recent filings make it clear to the Magistrate Judge that this particular claim of ineffective assistance of trial counsel is not yet exhausted because the Second District Court of Appeals has not yet decided the appeal from Judge Gorman's grant of summary judgment on Thompson's petition for post-conviction relief.

The exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). However, in the absence of exceptional or unusual circumstances, principles of comity and federalism require that

unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc). The particular claim of ineffective assistance of trial counsel in issue on the instant motion is briefed before the Second District Court of Appeals and awaiting that court's decision. This Court has authority to stay its decision of the case pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). Comity particularly suggests a stay when the relevant issue is ripe for decision in the state court.

Accordingly, it is hereby ORDERED, *sua sponte*, that consideration of the merits of this case be STAYED pending exhaustion of Petitioner's presently pending appeal of the denial of his post-conviction petition to the Ohio Second District Court of Appeals and his further appeal to the Supreme Court of Ohio if the Second District's decision is adverse to his claims. Both parties are ordered to keep this Court currently apprised of the status of those appeals. When those appeals are complete, Petitioner may renew his motion for discovery of Defense Exhibit B and/or to expand the record in this Court to include that exhibit.

November 13, 29018.

s/ *Michael R. Merz*
United States Magistrate Judge