# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CRAIG A. THOMPSON,

        Petitioner,    :    Case No. 3:18-cv-117

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Warren Correctional Institution

        :

        Respondent.

## DECISION AND ORDER STRIKING MOTION FOR PARTIAL SUMMARY JUDGMENT

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Request for Partial Summary Judgment (ECF No. 35). Petitioner asks the Court to grant him relief on Ground One and states this would render his remaining claims for relief moot.

On November 13, 2018, the Magistrate Judge stayed these proceedings pending exhaustion of a claim of ineffective assistance of trial counsel presented to the Common Pleas Court of Montgomery County in a petition for post-conviction relief and now pending before the Second District Court of Appeals on appeal from a dismissal of that claim (ECF No. 33, PageID 2300). Because these proceedings are stayed, the Motion for Partial Summary Judgment is not properly filed at this time and is accordingly STRICKEN.[1]

---

[1] Petitioner has not objected to the stay order, but his time to do so does not expire until November 30, 2018. However, as a pre-trial nondispositive order of a Magistrate Judge, the stay order is effective until or unless set aside by either the Magistrate Judge or the assigned District Judge. S. D. Ohio Civ. R. 72.3.

1

In general the Court will not entertain motions for partial summary judgment in habeas corpus cases with mixed petitions because of the Supreme Court's decision in *Rose v. Lundy,* 455 U.S. 509 (1982), that a "mixed" habeas petition containing both exhausted and unexhausted claims must be dismissed; *accord, Pilette v. Foltz,* 824 F.2d 494 (6th Cir. 1987). The fact that one of the exhausted claims in a mixed petition has merit is not sufficient ground to excuse exhaustion. *Rockwell v. Yukins,* 217 F.3d 421 (6th Cir. 2000). *Rhines v. Weber*, 544 U.S. 269 (2005), softened the harshness of the Lundy rule by permitting us to stay a case pending exhaustion, which is what this Court has done.

November 21, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge