# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CRAIG A. THOMPSON,

    Petitioner,  :  Case No. 3:18-cv-117

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Warren Correctional Institution

             :

    Respondent.

# DECISION AND ORDER DENYING MOTION TO RECONSIDER
# (ECF No. 34)

  This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion to Reconsider (ECF No. 34) the Court's Decision and Order of November 13, 2018 (ECF No. 32) which denied Petitioner's prior Motion to Reconsider (ECF No. 30) and declined to expand the record to add (1) the Police Report of Detective Saunders written on February 19, 2013, and (2) the Police report of Deputy Baranyi written on February 4, 2013 (Exhibits B and C to ECF No. 19).

  In the prior Decision, the Magistrate Judge found that Thompson had not shown how these documents supported any pleaded claim in the Petition, noting that "[n]othing in the Petition claims that trial counsel was ineffective for failing to use these two police reports to cross-examine the two law enforcement officers or for failure to attempt to introduce these documents into evidence." (ECF No. 32, PageID 2294).

  Thompson excuses the failure to include these documents in the state court record by

1

detailing the efforts he and his family had to make to get the documents from prior counsel (ECF No. 34, PageID 2303). While the explanation is reasonable, it does not deal with the basic objection to these documents: they were not before the Second District Court of Appeals when it decided Thompson's case. Nothing Thompson did now to obtain new evidence that could have been considered in his case can obviate the fact that the court of appeals did not have the documents as part of a basis for its decision. Unless there were way to reopen the state court record and obtain a fresh ruling from the state courts on the case, these two documents cannot be considered.

Attempting to answer the Magistrate Judge's question about how the documents support any pleaded ground for relief, Thompson suggests they support his claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel (Grounds Three, Four, and Eight) as well as Ground One (error in denying the motion to suppress) and Ground Six (prosecutorial misconduct). The Magistrate Judge has reexamined the Petition and still finds no place where it is alleged trial counsel were ineffective for failure to use these two exhibits to cross-examine the officers. Nor is there any place in Ground Six where the prosecutor is accused of any misconduct related to these two documents.

The purpose of pleadings in any civil case, including on in habeas corpus, is to give the adversary party notice of what is being claimed so that the party can mount a defense. Pleadings that are "conclusory" do not satisfy that standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In this case Petitioner has been specific in his pleading of what the trial court, his attorneys, and the prosecutor did wrong. But there are many different ways for an attorney to provide ineffective assistance of trial counsel. The Respondent cannot be expected to defend against claims that have not been made. If Petitioner

wants to add claims he has not already made, he can move to amend the Petition[1]. But as of this point in time, Exhibits B and C are not relevant to any pleaded claim.

The Motion to Reconsider is DENIED.

November 21, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] The Magistrate Judge is not saying a motion to amend would be well taken, but only that these documents are not needed to adjudicate any claim already made.