# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CRAIG A. THOMPSON,

        Petitioner,  :  Case No. 3:18-cv-117

  - vs -                     District Judge Thomas M. Rose
                                               Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Warren Correctional Institution

                                                              :

        Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's most recent Motion to Expand the record (ECF No. 71) and Respondent's Memorandum in Opposition (ECF No. 73).[1] Petitioner seeks to add to the record two documents: A motion in limine filed by the prosecution in Petitioner's state court case (Exhibit E, ECF No. 71-1) and the plea agreement and guilty plea entry of co-defendant Bradley Burns (Exhibit F, ECF No. 71-2).

While Respondent opposes adding these two documents, she does not question the authenticity of the exhibits or that they are part of the state court record in this case. Instead, Respondent asserts they are not relevant to the issues for which Petitioner offers them. Respondent likewise reminds the Court that this Court is prohibited from considering evidence not presented to the state courts at least until after deciding the questions presented by 28 U.S.C. § 2254(d)(1)

---

[1] The Magistrate Judge appreciates Respondent's very prompt attention to this matter. Because this case is now more than two years old, the Magistrate Judge believes it is important to bring the case to ripeness as soon as possible.

1

and (2)(Response in Opposition, ECF No. 73, PageID 3001, citing *Cullen v. Pinholster,* 563 U.S. 170, 185 (2011).

In addressing the required contents of the answer in habeas, Rule 5 speaks mainly to transcripts, briefs, and appellate opinions from the state courts.  The practice of the Ohio Attorney General's office has been to include far more of the record produced in the state courts than the literal text of the Rule would seem to require, but this practice is much appreciated by the Court.  It is far easier to disregard a portion of the state record that turns out not to be relevant than to have to add material later in the case, both in terms of stopping case progress to add documents and in terms of  having all necessary parts of the state court record assembly in one digital place.

Nevertheless, composing the state court record for filing necessarily involves some choices by the filing attorney.  The Order for Answer in this case employs the Court's form language about composition of the record:  "the Respondent shall file those portions of the state court record needed to adjudicate this case."  (ECF No. 3, PageID 23).  That language implies choice by Respondent's counsel.

Rule 7 on expansion of the record addresses types of documents rather than the content of those documents.  The language speaks to pre-AEDPA practice when habeas proceedings were much more *de novo* than they are now.  The Sixth Circuit, for example, has expressly held that the limitations in *Pinholster* apply to expansion of the record as well as to evidentiary hearings.  *Moore v. Mitchell*, 708 F.3d 760, 780-784 (6th Cir. 2013).

That said, *Pinholster* does not preclude admission of these documents which are part of the state court record.  Whether or not they are relevant or sufficient to prove what Petitioner claims are issues which need not be decided at this point in the case, but will need to be decided when the Court reaches the merits of the case, scheduled to occur in about two weeks time.

Petitioner's Motion to Expand the record to include what he has marked as Exhibits E and F is GRANTED.

June 4, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge