# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CRAIG A. THOMPSON,

        Petitioner,    :    Case No. 3:18-cv-117

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Warren Correctional Institution

    :

        Respondent.

## DECISION AND ORDER ON MOTION FOR ADDITIONAL DISCOVERY

This habeas corpus case is before the Court on Petitioner's Request for Additional Discovery (ECF No. 76) which Respondent opposes (ECF No. 78).

**Trial Court Docket Sheets**

Frist Thompson avers that the supplemental record most recently filed by Respondent is incomplete. He asserts he requested the Second District Court of Appeals to take judicial notice of various trial court dockets, that the motion was granted, and that "the exhibits were considered for purposes of the appeal (ECF No. 76, PageID 3012). He continues that the "motion for judicial notice, along with the exhibits attached, are requested for use in this habeas petition." *Id.*

This is not really a request for additional discovery: Thompson knows what is in his motion for judicial notice and the attachments. Rather, it is properly considered as a motion to expand the

1

record. Thompson has not attempted to show how these documents are relevant to his pending claims. Presuming their relevance, however, they were before the Second District and considered by that court. There is no prejudice to Respondent from expanding the record to include these docket sheets. The Motion is granted to the extent of allowing these docket sheets to be considered by this Court in adjudicating this case; their consideration is not precluded by *Cullen v. Pinholster*, 563 U.S. 170 (2011). There is no need to furnish this Court with copies of those docket sheets since the docket of the Second District in this case is publicly accessible.

**Defense Exhibit B**

Next Thompson seeks to have the record expanded to include "Defense Exhibit B", a document that purports to be the work schedule of Thompson's co-defendant Bradley Burns and which Thompson claims his trial lawyer should have used to impeach Burns' girlfriend Kaitlyn Kerg who claimed to have heard Burns and Thompson planning the crime in suit. The Court had originally denied adding the exhibit to the record on the basis of *Pinholster*, but then corrected itself upon finding that the exhibit had been admitted in evidence (ECF No. 33, PageID 2300). At the time of the correction, the Magistrate Judge stayed the case pending exhaustion of the relevant claim and invited Thompson to renew the motion after exhaustion. *Id.*

Because Defense Exhibit B was considered by the Ohio courts in adjudicating Thompson's case, it may also be considered by this Court. That consideration, however, is not *de novo*, but rather in the context of deciding whether the state court's decision is an unreasonable application of clearly established Supreme Court law or an unreasonable determination of the facts, based on the evidence before the state courts, which includes Defense Exhibit B. Respondent asserts

Defense Exhibit B is already in this Court's record at ECF No. 25, but there is no attached Exhibit B. Nor is it attached to Petitioner's instant Motion. Without deciding its relevance, the Court GRANTS Petitioner's motion to include Defense Exhibit B in this Court's record. Petitioner shall submit a copy of that document forthwith. If Respondent disputes the authenticity of the copy, he may file an authenticated copy from the Common Pleas Court's records.

The balance of Petitioner's motion includes arguments which need not be adjudicated to decide if the record should be expanded.

June 12, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
