IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CRAIG A. THOMPSON,

        Petitioner,    :    Case No. 3:18-cv-117

  - vs -                   District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Warren Correctional Institution

        Respondent.    :

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration. Thompson asks the Court to reconsider its Order denying him leave to add a new sub-claim (relating to a stipulation) to his eighth ground for relief for ineffective assistance of trial counsel (ECF No. 86).

On May 15, 2020, Petitioner sought leave to amend his Third and Eighth Grounds for Relief (ECF No. 67). Conceding that the amendments to Ground Three properly related back to the original Ground Three, the Warden did not oppose that amendment as time-barred, but did so as to Ground Eight because it relates to the stipulation as to Thompson's prior convictions which is not mentioned in the original Petition.[1] The Magistrate Judge granted amendment as to Ground Three, but denied amendment of Ground Eight (Decision and Order Granting in Part and Denying in Part Petitioner's Motion to Amend, ECF No. 81, the "Decision").

---

[1] The Warden also opposed both amendments on the ground they were futile. Because futility involves a merits decision (could the claim withstand dismissal under Fed.R.Civ.P. 12(b)(6)?) and the case is close to being ripe on the merits, the Magistrate Judge declined to rule on the futility argument.

1

Even though Petitioner filed a Reply in support of amendment, the Magistrate Judge found "Petitioner does not address the relation back question, but instead focuses on what he regards as the Second District's error in applying Ohio *res judicata* law." *Id.* at PageID 3050.  The Decision found that Thompson had first raised the claims related to the stipulation when he filed "'renewed' and 'amended' post-conviction petitions in December 2018" in the state court. *Id.* at PageID 3052. Since he obviously knew the supposedly false content of the stipulation in December 2018 and did not seek leave to amend here until well over a year later, the Decision concluded the stipulation-related claims were time-barred. *Id.* at PageID 3052-53.  This is the decision which Thompson seeks to have reconsidered.

A federal trial court has authority to reconsider interlocutory prejudgment orders at any time."  Moore's Federal Practice at ¶0.404. A district court may modify, or even rescind, such interlocutory orders." (internal citations omitted)). *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991).  However, courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided.  They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd  Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).

Thompson quarrels with this Court's understanding of his argument about why the Second District rejected this claim on *res judicata* grounds.  He notes the Decision found "[r]egarding

Ground Eight, Thompson asserts the Court of Appeals' rejection of this claim on *res judicata* grounds was in error because he did not learn of the falsity of the stipulation in time to raise the claim on direct appeal. *Id*. at PageID 3008-10)" and claims this holding is in error (Motion for Reconsideration, ECF No. 86, PageID 3065).  Instead he asserts "that the rejection of this claim on *res judicata* was in error because the Court of Appeals could not have adjudicated the claim on direct using only what was contained in the record."

What Thompson argued in his Reply memorandum was the Second District's decision on *res judicata*

> is in error. Counsel stipulated to prior convictions under an enhancement statute. Clearly established Federal Law states-
>
> "that it is a violation of the due process for trial counsel to stipulate to prior convictions under an enhancement statute unless the defendant voluntarily and knowingly agreed to the stipulation." *Cox v Hutto*, 589 F. 2d 394; *Jones v Lockhart,* 851 F. 2d 1115, 1116 (1988); See also *Lewis v Lane*, 832 F. 2d 1446 (1987).
>
> The respondent is also correct in his assertion that this argument did not appear in the direct appeal. The documents obtained to show that the stipulation was false was **never** [emphasis sic] part of the trial record. A claim of ineffective assistance of counsel could not have been asserted before if it relies on matters outside the record.

The correctness of the Second District's *res judicata* decision may need to be decided by this Court when it reaches the merits of Thompson's Petition.  But it is not material to the question of whether the proposed addition of the stipulation sub-claim to Ground Eight is timely.  That question turns on when Thompson learned of the facts necessary to plead that sub-claim.

Thompson next claims error in the Decision in its finding that "Thompson does not explain in his proposed amendment what he meant by the assertion that 'the facts that were stipulated to, were demonstrably false.'" (Motion, ECF No. 86, PageID 3065).  While Thompson admits that

3

this is true, he claims he did so in his Reply to Respondent's memorandum in opposition. *Id.* citing "CR. 3008."[2] Assuming here that he is referring to ECF No.75, PageID 3008, he is simply mistaken; that page contains no explanation of why the stipulated facts "were demonstrably false."

Finally Thompson argues with the finding that "whatever 'facts ' were stipulated to that are allegedly demonstrably false, Petitioner knew of those facts when the stipulation was made during his trial." Thompson asks the Court to reconsider because he claims he never knew of the stipulation until the respondent filed the state court record (Motion, ECF No. 86, PageID 3066). The State Court Record was filed September 27, 2018 (ECF No. 11).

The stipulation in question appears in the Trial Transcript as follows:

> THE COURT: So the convictions in those previous six cases, I believe we'll all agree and stipulate on the record, that the convictions would have been able to come in timely under the ten-year rule, both at that time of the first trial and the Court setting of the retrial. And we talked about that in chambers yesterday. And rather than trying to get all these records, is that okay?
>
> MR. SCHOEN: That's fine with the State.
>
> MR. STATON: That's a matter of fact, Your Honor. It is.
>
> THE COURT: Okay. So everyone stipulated to that, that's it. Okay

(State Court Record, ECF No. 11-6, PageID 1946.) The only facts stipulated to here are that it would have been less than ten years between the past convictions and the date both of Thompson's

---

[2] The local rules of this Court provide:
**"Pinpoint Citations.** Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), a**ll filings in this Court that reference a prior filing must** provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. \_\_\_ or Doc. No. \_\_\_) of the document referenced." Because of the complexity of the record in this case, Petitioner is ORDERED to comply with this local rule in all further filings in this case. It is a waste of judicial resources to require the Court to guess what prior record Petitioner is referring to. Future filings that do not contain proper record citations will be stricken.

first trial and then the date first set by the judge for re-trial. What is "demonstrably false" about those two facts? The only legal conclusion stipulated to is that the prior convictions would have been admissible if the case had been tried or re-tried as original scheduled. If that legal conclusion is false, it remains for Thompson to demonstrate its falseness.

Thompson claims Volume V of the trial transcript shows he was not in the courtroom when the stipulation was made and did not consent to it. On Friday, December 11, 2015, when the trial started back up, the record shows Defendant was in fact not present but waived his right to be present (State Court Record, ECF No. 11-6, PageID 1931). His attorney plainly did consent to the stipulation. The record does not show Petitioner consented but it also does not show any personal objection from him.

Thompson then argues why the prior convictions should not have been used to enhance his sentence (ECF No. 86, PageID 3067-68). That argument is only material is the Court allows the amendment to Ground Eight.

Only at page four of his Motion does Thompson address the relation back question. He asserts that because he pleaded ineffective assistance of trial counsel generally in the original Petition, he should be allowed to add this specific instance

> The ultimate question for disposition may be the same "despite variations in the legal theory or factual allegations urged in its support" *Picard v O'Conner*, 404 U. S. 270, 277. 92 S. Ct.509, 30 L.Ed.2d 438 (1971). Only the "substance" of the factual claim must be presented. *Picard* at 278. Thompson made the claim of ineffective assistance of counsel. Counsel made numerous numerous errors in his deficient performance. The erroneous stipulation is just one of many that this Court can review for the cummulative [sic] effect it had on Thompson's trial.

(ECF No. 86, PageID 3068-69).

At a very general level, Thompson is correct that he has pleaded a violation of the Sixth

Amendment right to the effective assistance of counsel in his original Eighth Ground.  But that is far too general.  The Supreme Court has held:

> An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005).  Relation back depends on a "common core of operative **facts**" between the new claim and the claim made in the original petition.  *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011)(quoting *Mayle v. Felix*, 545 U.S. at 650).  While Picard might have supported very general pleading at the time it was handed down in 1971, the habeas corpus jurisprudence has changed greatly since then.  In 1971 there was no statute of limitations applicable to habeas corpus cases and there was not limit on the number of times an inmate could attack his convictions.  But Congress adopted the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which sets a one-year statute of limitations and prohibits second petitions without circuit court permission.  Thus if Picard had been refused permission to amend, he could just file a new petition.  That is no longer legal.

In *Hill v. Mitchell*, 842 F.3d 910 (6th Cir. 2016), the court faced a similar situation. Petitioner originally pleaded that the State had withheld information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). When he sought to add additional claims under *Brady*, the court rejected relation back.  The original petition contained a *Brady* claim "completely bereft of specific fact allegations or evidentiary support and not tied to any particular theory of relief." *Id.* at *22.

> The original claim did not identify, even in general terms, the nature of any suppressed information believed to be exculpatory or impeaching or how such suppressed information was material to the defense. A claim that the State was suppressing an unspecified *something* is much different from a claim regarding *what*, specifically, the State was suppressing and how it would have benefitted Hill at trial had it been disclosed.

6

*Id.* at *23.  Thompson's case is similar.  The original Petition says nothing about the stipulation.

Finally Thompson essentially admits he knew the relevant facts in December 2018 but did not move to amend until May 2020 (ECF No. 86, PageID 3069).  However, he says, the case was stayed at that time.  While that is true, the stay was entered to allow Petitioner to exhaust his appellate remedies with respect to a different ineffective assistance of trial counsel claim – that related to Bryan Burns' employment records.  The Court is not aware of any authority for the proposition that such a stay tolls the statute of limitations on any new claims a petitioner may discover during the stay.

**Conclusion**

Having reconsidered the Decision as requested, the Magistrate Judge finds no manifest error of law and declines to modify the Decision.

June 26, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge