# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CRAIG A. THOMPSON,

        Petitioner,           :      Case No. 3:18-cv-117

  - vs -                            District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Warren Correctional Institution

                              :

        Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 100) to the Magistrate Judge's Decision and Order denying Petitioner's Motion to Amend Ground Eight of his Petition ("Decision," ECF No. 81). Thompson several times requested and received reconsideration of that Decision by the Magistrate Judge, always resulting in denial of the amendment. Most recently, the Magistrate Judge advised Thompson that he had a right to place objections to a Magistrate Judge decision on a non-dispositive matter before the assigned District Judge for decision and extended Thompson's time to do so to August 1, 2020. The instant Objections are therefore timely filed.

A District Judge is to review Magistrate Judge conclusions on a nondispositive matter *de novo* and to reverse them if they are contrary to law. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), *citing United States v. Raddatz*, 447 U.S. 667, 673 (1980). To demonstrate that a conclusion is contrary to law, a party must show the conclusion "contradict[s] or ignore[s]

1

applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)(Kinneary, J.), *quoting Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

The Court agrees with the Magistrate Judge that a motion to amend under Fed.R.Civ.P. 15 is a nondispositive matter which a Magistrate Judge may decide in the first instance, rather than making a report and recommendations. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.).

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.     *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir.

1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.").

The Magistrate Judge's Decision recites this general standard (ECF No. 81, PageID 3048-49) and granted Thompson's Motion to Amend as to Ground Three. *Id.* at PageID 3053. The Warden had argued the proposed amendment to Ground Eight would be meritless and the amendment would therefore be futile. The Magistrate Judge declined to rule on that basis because the case was close to being ripe on the merits in any event. *Id.* at PageID 3050.

The Magistrate Judge refused to allow the amendment to Ground Eight, however, because it would have added a new claim of ineffective assistance of trial counsel which would not relate back to the original filing because it did not arise from the same core of operative facts. *Id.* at PageID 3050-53. Because the amendment would not relate back, it was barred by the statute of limitations. *Id.*.

Thompson advanced various different theories in his requests to the Magistrate Judge for reconsideration. He now objects to the Magistrate Judge's relation back decision and also to the

3

Magistrate Judge's denial of equitable tolling.

**Relation Back**

In an effort to show that this new claim does relate back to the original filing, Thompson asserts that his original Ground Eight contained the language "see arguments above in Ground Six." (Objections, ECF No. 100, PageID 3239). Ground Six is a claim that the prosecutor committed misconduct by mailing the service copy of the State's sentencing memorandum to Thompson's prior counsel, thereby breaching Thompson's due process right to respond to the memorandum. *Id.* Thompson now says that if he had had the opportunity to respond to that memorandum, one of the things he would have challenged was any reliance on his prior convictions to enhance his sentence. Because the prior convictions had been stipulated to by his attorney and the stipulation forms the basis of his proposed amended Ground Eight, the amendment would, he asserts, relate back. *Id.*

"An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Relation back depends on a "common core of operative facts" between the new claim and the claim made in the original petition. *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011)(quoting *Mayle v. Felix*, 545 U.S. at 650). The facts underlying the claim of prosecutorial misconduct are those surrounding the mailing of the State's sentencing memorandum to the wrong address. The facts underlying the claim of ineffective assistance of trial counsel proposed to be added to Ground Eight are the facts of the stipulation: when and how did it occur, and so forth. The relevant acts

4

happened at different times – the stipulation was significantly in the past when it was referred to in the sentencing memorandum. The acts were those of different actors – the prosecutor and his staff as opposed to defense counsel. The Court agrees with the Magistrate Judge's analysis: the amended Ground Eight would not relate back and is thus barred by the one year statute of limitations.

**Equitable Tolling**

Thompson now claims he is entitled to equitable tolling of the statute of limitations. He did not raise this defense to the statute of limitations in his Motion to Amend, but only later (Supplemental Motion to Alter of Amend, ECF No. 91, PageID 3212, citing *Irwin v Department of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

The equitable tolling doctrine has been extended by the Supreme Court to the habeas corpus statute of limitations in 28 U.S.C. § 2244(d). *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652(2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S. Ct. at 756, citing *Holland* (emphasis sic). The Decision found Thompson satisfies the due diligence requirement, but has not shown any extraordinary circumstance prevented his timely filing (ECF No. 93, PageID 3221).

As an excusing extraordinary circumstance, Thompson now argues that he did not obtain the

documentation he needed to prove that the stipulation his counsel made was false until June 2019 because, although it is available from the public dockets of the courts who entered the judgments of conviction, as an inmate he does not have access to the Internet (Objections, ECF No. 100, PageID 3241). Lack of access to the Internet to the extent that it arises from incarceration in the Ohio prison system is a circumstance faced by every *pro se* habeas petitioner; it is ordinary rather than extraordinary. Thompson also does not explain how this supposedly extraordinary circumstance was somehow overcome in June 2019 since Thompson himself remains incarcerated.

More fundamentally, one does not need to have in hand the evidence to support a claim – here, to prove the stipulation false – in order to plead the claim. Thompson knew at the time he was sentenced that his sentence was being based in part at least on prior convictions. He knew that those convictions had not been proved in open court. He was not in court when his counsel entered the stipulation on the record, but he knew when he was sentenced that the sentence was being enhanced because of the prior convictions. Nothing prevented him from including that claim in his original Petition in April 2018.

**Newly-Discovered Evidence**

In his Objections Thompson add a third theory of why this new claim is not barred by the statute of limitations.

> Thompson was finally able to obtain the evidence needed to rebut the stipulation in June 2019. It was then submitted to the Court on July l, 2019 . Since this is considered newly discovered evidence, the one-year statute of limitations should only begin as of July 1, 2019. Since Thompson's leave to amend was filed May 2020, his claim should not be barred.

(ECF No. 100, PageID 3241).

The Magistrate Judge ruled that Thompson's original Petition was timely filed because it

6

met the requirement of 28 U.S.C. § 2144(d)(1)(A) – it was filed within one year of the date on which Thompson's conviction became final on direct review. In the quoted passage, Thompson claims the benefit of § 2244(d)(1)(D) which provides the statute will run from "(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." But the "factual predicate" of the ineffective assistance of trial counsel claim is not the dockets needed to prove the stipulation false, but the use of the allegedly barred prior convictions to enhance the sentence, which Thompson has known since the date of sentencing.

**Conclusion**

Having reviewed *de novo* those portions of the Magistrate Judge's Decision on the Motion to amend to which Defendant has objected, the Court overrules the Objections and affirms the Magistrate Judge's denial of the Motion to Amend.

Dated: August 10, 2020                                              *s/Thomas M. Rose

                                                                    _____
                                                                    Thomas M. Rose
                                                                    United States District Judge