# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CRAIG A. THOMPSON,

    Petitioner,    :    Case No. 3:18-cv-117

- vs -      District Judge Thomas M. Rose
     Magistrate Judge Michael R. Merz

KEITH FOLEY, Warden,
  Grafton Correctional Institution[1]

     :

    Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner Craig Thompson's Objections (ECF No. 107) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed (the "Report," ECF No. 102). Under Fed.R.Civ.P. 72(b), a District Judge must review *de novo* any portion of a report and recommendations to which specific objection is made. This Decision embodies the Court's decisions on the Objections after that review.

**Ground One: Trial Court Error in Denying Motion to Suppress**

In his First Ground for Relief Thompson asserts both his Fourth and Fifth Amendment

---

[1] Petitioner has notified the Court of his transfer to Grafton Correctional Institution (ECF No. 94). The caption is ordered amended as set forth above.

1

rights were violated in the course of his arrest and the trial court therefore erred in denying his motion to suppress.

The Magistrate Judge found merits review of the Fourth Amendment claim was barred by *Stone v. Powell*, 428 U.S. 465 (1976) (Report, ECF No. 102, PageID 3261-69.) Thompson had claimed that he did not have a full and fair opportunity to present his Fourth Amendment claim in the state courts for three reasons. First he asserts it was because the Sheriff's Office had destroyed cruiser camera footage that would have been probative of his Fourth Amendment claim. The Magistrate Judge rejected this claim because it had not been presented to the Second District on appeal (Report, ECF No. 102, PageID 3268). In his Objections Thompson concedes this is correct, but objects

> However, a reasonable jurist would agree that the suppression of the policy, by the judge, which showed the tapes were deleted against the orders of the Sheriff[']s office, frustrated the process and prevented the accused from presenting evidence in accordance with *United States ex rel. Bostick v Peters,* 3 F.3d 1023, 1026-29 (1993).

(Objections, ECF No. 107, PageID 3305.) Thompson does not explain what he means by "suppression of the policy." Even if a reasonable jurist might agree that destruction of the tapes might have made it harder to litigate the Fourth Amendment issue, this would not excuse Thompson's failure to present the issue on appeal. Indeed that should have been part of his claim on appeal. As the Report puts it "the Second District's disposition of the motion to suppress claim cannot be deemed unreasonable when it was not presented with the claim. . . ." (ECF No. 102, PageID 3268).

Thompson's second basis for claiming he did not get a full and fair opportunity to litigate his Fourth Amendment claim is that his attorney provided ineffective assistance of trial counsel in presenting the motion to suppress. The Report rejected this claim on the same basis as it rejected the claim about the video tapes: "Thompson never asserted to the Second District that the motion to suppress should have been granted because its denial was based on counsel's errors. Even in his

2

Traverse, Thompson does not enumerate what those errors were."

In his Objections Thompson concedes this finding about presentation on direct appeal is correct, but asserts he squarely presented it in post-conviction (Objections, ECF No. 107, PageID 3306). However, he makes no citation to the record where this appears. The Court has examined Thompson's petition for post-conviction relief and finds it contains no claim that counsel provided ineffective assistance of trial counsel in the prosecution of the motion to suppress (State Court Record, ECF No. 11-1, Ex. 54).

Thompson's third basis for claiming he did not have a full and fair opportunity to litigate his Fourth Amendment claim is his assertion that the motion was decided by a biased judge. But as the Report found, not even this claim was squarely presented to the Second District where Thompson claimed that because the first judge on the case, the one who decided the motion to suppress, had recused himself, the second judge was obliged to rehear the motion, not that the first judge was biased. The Second District rejected that claim and the Report further found Thompson had not proved the first judge recused himself because he was biased. Upon *de novo* review, the Court finds no error in those findings.

The Magistrate Judge concluded that the Ohio Second District's decision on the Fifth Amendment claim was neither contrary to nor an unreasonable application of relevant Supreme Court precedent, particularly *Miranda v. Arizona*, 384 U.S. 436 (1966), and was therefore entitled to deference under 28 U.S.C. § 2254(d)(Report, ECF No. 102, PageID 3269-71).

Thompson objects: "Federal Law has determined factors to consider which would ultimately determine if a person is in custody and all factors favor the defense. This would show that the Second District's determination that Thompson was not in custody. Is against clearly established Federal Law." Thompson cites no Supreme Court precedent against which to evaluate the Second District's decision of the Fifth Amendment question. As the Report points out, the sole Supreme Court authority on which

3

Thompson relied, *Thompson v Keohane,* 516 U.S. 99 (1995), was decided well before the standards for deciding such questions were changed by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")(Report, ECF No. 102, PageID 3269-70).

Thompson's Objections to the Report as to Ground One are overruled.

**Ground Two: Trial Court Error in Admitting Unauthenticated Text Messages**

In his Second Ground for Relief, Thompson complains that the admission of improperly authenticated text messages violated his rights under the Confrontation Clause.

The Magistrate Judge found this claim procedurally defaulted because it was not raised on appeal (Report, ECF No. 102, PageID 3274-77). He also concluded the claim was meritless because the other party to the text messages was a witness at trial and fully subject to cross-examination. *Id.* at 3277. Thompson objects that the text messages presented were "testimonial." (Objections, ECF No. 107, PageID 3311). That misses the point. Because Sahi Bathini was present as a witness at trial and subject to cross-examination, it makes no difference whether the text messages were testimonial.

Thompson's objection on Ground Two is overruled

**Ground Three: Ineffective Assistance of Retained Trial Counsel**

In his Third Ground for Relief, Thompson accumulates his claims that his retained trial attorney, Thomas Hansen, provided ineffective assistance of trial counsel. Because all of these claims depend on evidence outside the appellate record, the Magistrate Judge found that, under Ohio law, they were required to be presented in a petition for post-conviction relief under Ohio Revised Code § 2953.21 (Report, ECF No. 102, PageID 3280). He also found that Thompson did

not assert he had presented these claims in this way, but rather that he had presented them in an Application to Reopen his appeal under Ohio R.App.P.26(B). *Id.* The Report then notes that this was ineffective to preserve the claims: appellate counsel could not have raised on direct appeal a claim that depends on evidence not in the appellate record. *Id.* The Magistrate Judge concluded Thompson had procedurally defaulted his Third Ground for Relief. *Id.* at PageID 3281.

Thompson objects that this claim was added to his second post-conviction petition which he had supplemented on remand. He lost in the trial court and raised this claim as his Third Assignment of Error on appeal. The Second District decided this claim as follows:

> [*P44] Under his third assignment of error, Thompson contends that his trial counsel provided ineffective assistance by failing to admit certain police reports into evidence at his motion to suppress hearing. Again, because this is an appeal from the trial court's decision overruling Thompson's various petitions for post-conviction relief, we construe his assignment of error as challenging the trial court's denial of that ineffective assistance claim when ruling on his petition. Upon review, we do not find that the trial court abused its discretion in denying Thompson's claim.
>
> [*P45] Thompson argues that the police reports at issue established that, on the night of the burglary in question, an investigating officer conducted a traffic stop on his vehicle and discovered incriminating evidence—an invoice connecting him to the victim of the burglary—through an unlawful search of his vehicle. Although the investigating officer testified that Thompson gave the officer consent to search his vehicle, Thompson maintains that the police reports in question established that his consent only extended to permitting the officer to retrieve a marijuana pipe from his vehicle. Thompson also claims that the police reports established that the officer could not have lawfully discovered the incriminating invoice in plain view because the police reports stated that the officer located the invoice "in" a clipboard on his vehicle's back seat as opposed to "on" the clipboard. On that basis, Thompson claims his trial counsel was ineffective in failing to present the police reports as evidence establishing that the incriminating invoice was discovered through an unlawful search of his vehicle.
>
> [*P46] Thompson raised this claim in his "renewed" and "amended" petitions for post-conviction relief and attached

5

the corresponding police reports as evidence. The trial court denied the claim on the basis of untimeliness and res judicata. However, given the trial court's order permitting Thompson to file additional arguments after November 29, 2018, and given that the police reports in question were not part of the record on appeal and were allegedly not accessible to Thompson until after his direct appeal, we find that the trial court should have reviewed the merits of Thompson's claim.

[*P47] Nevertheless, even when reviewing the merits of Thompson's claim, we do not find that the trial court's decision denying the claim was an abuse of discretion. This is because the decision of Thompson's counsel not to admit the police reports into evidence involved trial strategy, which cannot form the basis of an ineffective assistance claim. *State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964, ¶ 37 (2d Dist.), citing *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 ("a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel"); *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 127 (decisions about what evidence to present primarily involve trial strategy and tactics and are committed to counsel's professional judgment); *State v. Farris*, 2d Dist. Clark No. 2003 CA 77, 2004-Ohio-5980, ¶ 56 (failure to offer evidence was a matter of trial strategy that did not establish ineffective assistance of counsel).

[*P48] Contrary to Thompson's claim otherwise, the police reports in question did not establish that Thompson only gave the investigating officer consent to retrieve a marijuana pipe from his vehicle as opposed to permitting the officer to conduct a full search. The police reports merely indicated that Thompson advised the officer that there was a marijuana pipe in the vehicle and that the officer located the pipe where Thompson said it would be. There was no information in the police reports regarding what level of consent was given. Because the investigating officer testified at the suppression hearing that Thompson had given him permission to search his vehicle and to obtain anything out of his vehicle, see Suppression Hearing Trans. (June 6, 2013), p. 106, and due to the lack of any contradictory information in the police report, Thompson's trial counsel could have reasonably determined that the police reports did not have any evidentiary value. Therefore, we cannot say that counsel's decision not to admit the reports as evidence fell below an objective standard of reasonable representation. Moreover, even if Thompson's trial [**31] counsel had submitted the police reports in an attempt to refute the investigating officer's claim that Thompson had consented to a

6

> search of his vehicle, Thompson cannot demonstrate that this would have changed the outcome of the suppression proceeding because the trial court simply might have chosen to believe the testimony of the investigating officer. Accordingly, we do not find that the trial court abused its discretion in denying the ineffective assistance claim at issue, even though its denial was based on other grounds.
>
> [*P49] Thompson's third assignment of error is overruled.

*State v. Thompson*, 2019-Ohio-5140 (Ohio App. 2d Dist. 2019).

The Second District's opinion shows that Thompson did not procedurally default on this claim. However, Thompson's Objections do not address the Second District's decision on the merits. Having reviewed it on that basis, the Court finds that the Second District's decision is not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Thompson's Objections are overruled and his Third Ground for Relief is dismissed on the merits.

**Ground Four: Ineffective Assistance of Appellate Counsel**

In his Fourth Ground for Relief, Thompson claims he received ineffective assistance of appellate counsel. The Magistrate Judge found that Thompson had not shown the Second District's decision on this claim was an unreasonable application of *Strickland* as applied at the appellate level. (Objections, ECF No. 102, PageID 3281-84). Indeed the Magistrate Judge wrote that Thompson had not even made an argument on the merits of his ineffective assistance of appellate counsel claim (Report, ECF No. 102, PageID 3284).

In his Objections, Thompson does not attempt to refute that conclusion. Instead, he notes that "procedural defaults can be overcome in the federal review." (Objections, ECF No. 107, PageID 3314.) While that observation is correct, it is completely beside the point. The Magistrate Judge did not recommend dismissing Ground Four as procedurally defaulted, but because Thompson had not even made an argument about how the Second District was wrong on the merits. That is, Thompson

7

did not show, did not even attempt to show, how these proposed assignments of error were stronger than the assignments appellate counsel actually raised. "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).

Thompson's Objections on Ground Four are overruled.

**Ground Five: Bias by the Trial Judge**

In his Fifth Ground for Relief, Thompson asserts the judge who tried the case, The Honorable Barbara Pugliese Gorman, was biased against him. The claim of bias he raised on direct appeal was that Judge Gorman had punished him for going to trial. The Magistrate Judge held the question of bias was a question of fact and Thompson had not overcome the presumption of correctness to be accorded the Second District's decision that bias was not shown in what Thompson cited from the record (Report, ECF No. 102, PageID 3287).

As for other claims of bias, the Report noted that Thompson had provided no record references to where these claims were raised in the state courts. Nonetheless the Report did not treat them as procedurally defaulted but addressed them on the merits and found them to be meritless. *Id.* at PageID 3284-88. In his Objections, Thompson provides the record references he had previously omitted. However, the instances of judicial conduct he cites as evidence of bias do not prove his claim. They are occasions when the trial judge ruled against Thompson on legal positions he was advancing. See, e.g., Objections, ECF No. 107, PageID 3319. To the extent these claims were raised on appeal from denial of the second post-conviction petition (e.g., the claim of trial court participation in plea negotiations), Thompson has not shown that the Second

8

District's decision is an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts. That court found as a matter of fact that counsel's affidavit did not substantiate Thompson's claim about the trial judge's participation in plea negotiations. *State v. Thompson,* 2019-Ohio-5140, ¶ 61.

More generally, the Objections do not deal with the Report's general analysis of judicial bias claims. The Magistrate Judge noted that Supreme Court precedent virtually universally requires that judicial bias be based on extrajudicial involvement with a party, and not on decisions in a case (Report, ECF No. 102, PageID 3288, citing *Liteky v. United States,* 510 U.S. 540, 554-55 (1994). The Report also noted that Thompson had presented his claim of judicial bias to The Honorable Maureen O'Connor, Chief Justice of the Supreme Court of Ohio, to whom judicial disqualification motions are correctly addressed in Ohio, and that her decision against disqualification was entitled to deference. *Id.*

Thompson's Objections as to Ground Five are overruled.

**Ground Six: Prosecutorial Misconduct**

In his Sixth Ground for Relief, Thompson claims the prosecutor engaged in unconstitutional misconduct in four ways. The Magistrate Judge upheld Respondent's procedural default defense that none of these claims of prosecutorial misconduct had been presented to the state courts as stand-alone claims, but only as underlying claims for Thompson's assertion of ineffective assistance of appellate counsel which did not preserve them (Report, ECF No. 102, PageID 3289-91).

Thompson objects that procedural default (in this case lack of contemporaneous objection) can be overcome by a showing of ineffective assistance of trial counsel. If that claim is not raised on direct appeal, that additional procedural default can be overcome by showing it was ineffective assistance of

9

appellate counsel to fail to raise it. These are both correct propositions of law. But **merely alleging** ineffective assistance of appellate counsel **does not prove** ineffective assistance of appellate counsel. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Thompsons did not succeed in persuading the Second District that he had suffered ineffective assistance of appellate counsel in this regard and its decision is entitled to deference under 8 U.S.C. § 2254(d)(1).

Thompson's Objections as to Ground Six are overruled.

**Ground Seven: Ineffective Assistance of Trial Counsel in Plea Negotiations**

In his Seventh Ground for Relief, Thompson claims he received ineffective assistance of trial counsel when James Staton did not advise him to accept an offer of an agreed sentence of thirty-six months.

The Report concluded that the Second District's decision of this claim on Thompson's appeal from denial of his second post-conviction was entitled to deference under *Strickland* (Report, ECF No. 102, PageID 3293). Essentially the Second District decided this was a triable case. The Magistrate Judge agreed because Thompson had obtained a mistrial in his first trial and several of the evidentiary arguments Attorney Staton advanced, though not ultimately successful, were colorable.

Essentially Thompson's argument relies on the kind of hindsight that *Strickland* forbids. Ultimately Thompson lost at trial, but he has not shown the advice Staton gave him – to take the case to trial – was outside the range of reasonable professional opinion under the circumstances. And this Court does not review that claim *de novo*, but only after appropriate deference to the Second District. *Harrington v. Richter, supra*.

Thompson sought an evidentiary hearing on this claim, but the Magistrate Judge correctly

10

rejected that request under *Cullen v. Pinholster*, 563 U.S. 170 (2011). *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Padilla v. Kentucky,* 559 U.S. 556 (2010), relied on by Thompson, do not provide an exception to *Pinholster*, which holds that a habeas petitioner cannot obtain an evidentiary hearing in habeas on claims decided on the merits by the state courts without first overcoming the hurdle of 28 U.S.C. § 2254(d)(1) and (2).

Thompson's Objections to the Report on Ground Seven are overruled.

**Ground Eight: Ineffective Assistance of Counsel**

In his Eighth Ground for Relief in his Petition Thompson claimed that he received ineffective assistance of trial counsel from Attorney Staton in six different ways. However, as the Report notes, Thompson argued eight different claims of ineffective assistance of trial counsel in his Traverse (Report, ECF No. 102, PageID 3294). The Magistrate Judge held the Court should not reach claims attempted to be added in the Traverse. *Id.* citing *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

The Report found that Thompson had preserved one sub-claim for review by devoting one sentence of argument to it on direct appeal (Report, ECF No. 102, PageID 3295). However, the Magistrate Judge concluded the Second District's decision on that claim was not an unreasonable application of *Strickland*. *Id.*

Thompson objects by listing the places in his Traverse where he made these claim (Objections, ECF No. 107, PageID 3324-25). The Objection misses the point made by the Magistrate Judge: a habeas petitioner may not raise new claims in a traverse.

As to the ninth sub-claim about failure to object to statements in the prosecutor's closing, Thompson objects that ineffective assistance of appellate counsel will excuse procedural default

11

(Objections, ECF No. 107, PageID 3326).  This again misses the point.  The Magistrate Judge did not find this claim procedurally defaulted, but without merit based on the Second District's rejection of it and our duty to defer to reasonable state court decisions.  Thompson does not persuade the Court that the Second District was unreasonable in this regard.  His Objections on the Eighth Ground for Relief are overruled.

**Ground Nine: Cumulative Error**

In his Ninth Ground for Relief, Thompson claims he should be granted relief based on the cumulative errors enumerated in the other Grounds for Relief (Petition, ECF No. 1, PageID 18-19).  The Magistrate Judge rejected this claim because cumulative error claims are not cognizable in habeas corpus (Report, ECF No. 102, PageID 3296).

Thompson objects that the Supreme Court has recognized a cumulative error claim for relief (Objections, ECF No. 107, PageID 3326, citing *Williams v Taylor,* 529 U.S. 362 (2000). *Williams*, however, is a capital case.  The Sixth Circuit has consistently and persistently distinguished capital and non-capital cases on the question of cumulative error and held that such a claim is not cognizable in a non-capital case.  "We have held that, post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief." *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied,* 549 U.S. 1027 (2006), *citing Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002). Cumulative error claims are not cognizable because the Supreme Court has not spoken on the issue. *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006), *citing Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied,* 549 U.S. 1027 (2006).

Thompson's Objections on Ground Nine are overruled.

**Conclusion**

Having considered de novo each portion of the Magistrate Judge's Report to which Thompson has made objection and having overruled each of those objections, the Court hereby ADOPTS the Report and ORDERS that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 3, 2020                                               *s/Thomas M. Rose

                                                               _____
                                                               Thomas M. Rose
                                                               United States District Judge